IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 4:08-cr-00025 |
| v. | ) | |
| | ) | |
| DEMETRIUS OBRIEN CAMPBELL, | ) | By:   Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

This matter comes before the court on defendant Demetrius Obrien Campbell's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 159. The Federal Public Defender has supplemented Campbell's pro se request. ECF No. 162. The government opposes it. ECF No. 166. For the reasons stated herein, the court will **GRANT** Campbell's motions.

**I.**

On March 30, 2009, Campbell entered into a written plea agreement in which he pleaded guilty to one count of distributing 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). ECF No. 55. On March 10, 2010, Campbell was sentenced to 188 months of incarceration. ECF No. 75. On February 12, 2019, the court reduced Campbell's sentence to 151 months pursuant to the First Step Act of 2018. ECF No. 155. Campbell has been in continuous custody since March 12, 2010, and has served more than 94 percent of his sentence. ECF No. 162-1 at 3. Campbell is currently in a halfway house in Lebanon, Virginia, and is scheduled to be released on February 17, 2021.[1]

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Dec. 16, 2020) (search "Demetrius Obrien Campbell"); see also ECF No. 166 at 2.

Campbell seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Campbell is obese and suffers from hypertension and severe asthma. See ECF No. 162 at 2. Campbell seeks immediate release to home confinement for the remainder of his sentence. Id. at 9. The government opposes any sentence reduction for Campbell. ECF No. 166. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Campbell's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and

---

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Campbell is a danger to the safety of the community.

    i.    <u>Campbell has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u> The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Campbell requested compassionate release from the warden of his facility on May 15, 2020. ECF No. 159. The warden did not respond within 30 days. <u>Id.</u> Campbell then filed a motion for compassionate release with this court on June 17, 2020. <u>Id.</u> The government does not contest that Campbell has exhausted his administrative remedies. ECF No. 166 at 2–

3. Accordingly, the court finds that Campbell has satisfied the statute's exhaustion requirement.

    ii.    <u>Campbell presents extraordinary and compelling circumstances.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). <u>Id.</u> at cmt. n. 1(A)-(D).

The court finds that Campbell's underlying medical conditions, in the context of the COVID-19 pandemic, present "extraordinary and compelling reasons" to reduce his sentence under Application Note A. <u>Id.</u> at cmt. n. 1(A). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." <u>United States v. Harper</u>, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., <u>United States v. Feiling</u>, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." <u>Wilson v. United States</u>, No. 2:11-cr-180, 2020 WL

4

3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[3] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

Here, Campbell is obese, which places him at an "increased risk of severe illness from" COVID-19.[4] He also suffers from hypertension and severe asthma, which the CDC recognizes "might" put him at an "increased risk for severe illness" should he contract the virus.[5] The government acknowledges that, "[t]hough during ordinary times Campbell's obesity[, asthma, and hypertension] would not qualify as extraordinary and compelling under the FSA," Campbell's medical conditions present extraordinary and compelling circumstances in the context of the COVID-19 pandemic. ECF No. 166 at 7; see also United States v. Collins, No. 17-cr-0649, 2020 WL 3960831, at *4 (D. Md. July 13, 2020) (finding obesity in conjunction with hypertension and asthma grounds for compassionate release). The court agrees with the parties and finds that Campbell has a particularized susceptibility to severe illness from COVID-19, supporting a reduction in his sentence.

---

[3] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 1, 2020).
[4] Id.
[5] Id.

The court also finds that Campbell has shown that he faces a particularized risk of contracting the virus at his facility. While Campbell has more autonomy in a halfway house, he is still unable to truly socially distance himself as he would if he were residing with his aunt given the comings and goings of the other residents of the halfway house. This court has previously granted compassionate release requests for individuals at the very same halfway house in Lebanon, Virginia, because of COVID-19 outbreaks in that facility. See, e.g., Order, United States v. Wiley, No. 7:98-cr-00007 (W.D. Va. Aug. 17, 2020), ECF No. 90; Order, United States v. Carr, No. 1:13-cr-00034 (W.D. Va. Aug. 20, 2020), ECF No. 272. Accordingly, the court finds that Campbell has established extraordinary and compelling reasons warrant a reduction in his sentence.

    iii.    Campbell is not a danger to the safety of the community and a sentence reduction is appropriate after considering the § 3553(a) factors.

Having found that extraordinary and compelling reasons exist to warrant a reduction in Campbell's sentence, the court must consider if Campbell is a danger to the safety of another person or the community as a whole, and if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(2); see also Turner v. United States, No. 2:18-cr-128, 2020 WL 4370124, at *3 (E.D. Va. July 30, 2020) ("[T]he court is advised against grants of compassionate release when the petitioner is a danger to the safety of any person or to the community."). Pursuant to § 1B1.13(2), the court must consider the 18 U.S.C. § 3142(g) factors in determining whether Campbell is a danger to the safety of any other person or to the community. The relevant factors include "the nature and circumstances of the offense charged"; "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community

6

ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." United States v. Ramirez, No. 7:16-cr-55, 2020 WL 5637402, at *3 (W.D. Va. Sept. 21, 2020) (quoting United States v. Rodriguez, 451 F. Supp. 3d 392, 406 (E.D. Pa. 2020)).

Campbell is incarcerated because of the part he played in a sizeable conspiracy involving the distribution of dangerous drugs and firearms. See ECF No. 152 at 4–6. Campbell's presentence report makes clear that, in addition to the cocaine base he was charged with distributing, his sentence also reflects his assistance "with the purchase of [a] shotgun." Id. at 6. On top of that, Campbell has a lengthy prior criminal history, which the court does not take lightly. But the conduct underlying Campbell's instant conviction was nonviolent and his disciplinary record in prison is sparse overall and completely clean for the past five years. ECF No. 162-1 at 4. Campbell has served over 94 percent of his current sentence and he has worked diligently to rehabilitate himself throughout it, including completion of the intensive, 500-hour Residential Drug Abuse Program (RDAP). Id. at 5. After all of these efforts, the court finds that Campbell will not pose a danger to the community upon his release.

The court must also consider if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of a sentence reduction.

As discussed above, Campbell has worked diligently towards his rehabilitation and has served over 94 percent of his sentence. Shaving two months off Campbell's time in a halfway house is a minor adjustment and will not alter the sentence's deterrence to criminal conduct for Campbell himself or others. While the court thinks that the transitional programming at a halfway house would be valuable to Campbell, the court does not think that its value outweighs the risk posed to him given his particularized susceptibility to severe illness should he contract COVID-19. Accordingly, the court finds that the § 3553(a) factors weigh in favor of compassionate release.

### III.

For these reasons, the court will **GRANT** Campbell's motions for compassionate release, ECF Nos. 159, 162. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: December 18, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.18 16:31:37
-05'00'

Michael F. Urbanski
Chief United States District Judge